UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                            NO. 5:22-CR-099-01-H

J. NICHOLAS NEWTON BRYANT,
    Defendant.

## NOTICE OF INTENT TO IMPOSE
## CONDITIONS OF SUPERVISED RELEASE

During the upcoming sentencing hearing, the Court will consider any objections to conditions of supervised release that may be imposed. To that end, the Court notifies the parties that, in addition to the mandatory conditions listed in 18 U.S.C. § 3583(d), the Court intends to impose the following Standard Conditions recommended by the United States Sentencing Commission at Section 5D1.3(c) of the Guidelines Manual. The Court also intends to impose the special conditions listed below, which in light of the facts and circumstances of this case are (1) reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D), and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in Section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D). Defense counsel must review this notice with the defendant, have the document signed after the review, and return the signed notice to the Court.

**Standard Conditions:**

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to

Case 5:22-cr-00099-H-BQ   Document 29   Filed 03/02/23   Page 2 of 5   PageID 192

report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was

designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11.    The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12.    If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk, and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13.    The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

**Special Conditions:**

1.    The defendant must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to access people's financial information without the prior approval of the probation officer.

2.    The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

3.    The defendant must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4.    The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25.00 per month.

5.    The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $25.00 per month.

6.    The defendant is ordered to make restitution, in the amount of **$1,184,729.65**. Restitution shall be paid to the U.S. District Clerk, 1205 Texas Avenue, Room 209, Lubbock TX 79401-4091for disbursement to:

3

| Victim | Restitution |
|---|---|
| J6 Energy | $221,912.60 |
| Best Tank Rental | $8,576.47 |
| Kings Well Service | $65,000.00 |
| Arrowhead Field Services | $6,143.20 |
| Kaden Hartman | $7,536.80 |
| Redline Hotshot and Transportation, LLC. | $1,950.00 |
| Cockrell Investigations | $5,000.00 |
| Haskin Aviation | $80,446.00 |
| Eric Tidwell | $200.00 |
| Game Heavy Equipment Sales and Rental | $6,651.87 |
| KVC Homes | $266,000.00 |
| Private Jets, Inc. | $45,000.00 |
| Veem | $38,292.00 |
| Weston Drilling | $12,000.00 |
| Lubbock Aero | $25,130.40 |
| Big Man Auto Group | $38,213.48 |
| Nick's Motor Sports | $3,250.00 |
| Jay's Home Auto Repair | $500.00 |
| Freedom Jets | $56,896.00 |
| American Jet International | $35,884.32 |
| Vida Dulce, LLC. | $9,000.00 |
| First Shot Outfitters | $70,000.00 |
| Air Med & Executive Charter | $28,990.61 |
| Wilham Vacation Homes | $4,242.80 |
| Choice Aviation | $53,272.50 |
| Hanger Flight Ops | $76,000.00 |
| Everywhere Miami, Inc. | $14,313.60 |
| Edgar Melendez | $500.00 |
| Abilene Aero | $3,827.00 |
| **Total** | **$1,184,729.65** |

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the **$1,184,729.65** restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $250.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

4

Dated March ___, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

_____
Defendant

_____
Defense Counsel

5