UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 5:22-CR-0099-H-BQ-1 |
| | ) |
| J. NICHOLAS BRYANT, also known as | ) |
| J. NICHOLAS NEWTON BRYANT, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

INITIAL APPEARANCE AND ARRAIGNMENT HEARING
BEFORE THE HONORABLE D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE
NOVEMBER 9, 2022
LUBBOCK, TEXAS

FOR THE PLAINTIFF:

    ANN HOWEY
    UNITED STATES ATTORNEY'S OFFICE
    1205 Texas Avenue, Suite 700
    Lubbock, TX  79401
    (806) 472-7351


FOR THE DEFENDANT:

    DAVID E. SLOAN
    OFFICE OF THE FEDERAL PUBLIC DEFENDER
    1205 Texas Avenue, Suite 506
    Lubbock, TX  79401
    (806) 472-7236


    Proceedings reported electronically; transcript produced by
computer-aided transcription.
_____

DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
Federal Official Court Reporter
1100 Commerce Street, 15th Floor
Dallas, TX  75242
(214) 753-2325

```
 1              (PROCEEDINGS BEGAN AT 9:46 AM.)

 2         THE COURT:  The Court calls for Initial Appearance and

 3    Guilty Plea and Arraignment Case No. 5:22-CR-99-H-BQ-1,

 4    United States of America versus J. Nicholas Bryant.

 5         MS. HOWEY:  Good morning, Your Honor.  Ann Howey on

 6    behalf of the United States.  Ready to proceed.

 7         MR. SLOAN:  David Sloan on behalf of Mr. Bryant.  We're

 8    present and ready.

 9         THE COURT:  Thank you, counsel.

10         Sir, is your name "J. Nicholas Bryant"?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  If you would, sir, please raise your right

13    hand and be sworn.

14         COURTROOM DEPUTY:  Do you solemnly swear that the

15    testimony which you're about to give the Court shall be the

16    truth, the whole truth and nothing but the truth, so help you

17    God?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  Thank you, sir.  You may put your hand

20    down.

21              EXAMINATION BY THE COURT:

22    Q.  Mr. Bryant, do you understand that you're now under oath and

23    that if you answer any of my questions falsely, those responses

24    may be used against you in a prosecution for either perjury or

25    making a false statement?
```

```
 1   A.    Yes, sir.

 2   Q.    If you would, sir, please state your name for the record.

 3   A.    J. Nicholas Bryant.

 4   Q.    And are you able to read, write and understand English?

 5   A.    Yes, sir.

 6   Q.    Do you need the services of an interpreter today for any

 7   reason?

 8   A.    No, sir.

 9   Q.    Now, Mr. Bryant, you're appearing before the Court in

10   reference to an Information that has been filed by the Government

11   in this case.  Have you received a copy of that Information?

12   A.    Yes, sir.

13         THE COURT:  I'm going to ask the Government's attorney

14   at this time to read the charge alleged.  Ms. Howey?

15         MS. HOWEY:  Yes, Your Honor.

16         The Information alleges a scheme and artifice to

17   defraud.  Specifically, J. Nicholas Bryant perpetrated a scheme

18   and artifice to defraud and attempt to defraud a number of

19   individuals and business entities, including unsuspecting

20   individuals, car dealerships, air charter service companies and a

21   yacht services company, among others.  He did so fraudulently to

22   obtain expensive vehicles, charter flights, yacht services,

23   rental of vacation homes and other goods and services from

24   unsuspecting victims.

25         To accomplish this scheme and artifice to defraud, J.
```

1   Nicholas Bryant used counterfeit checks and manipulated online

2   payment platforms, including Veem and QuickBooks payments, to

3   convince the victims that payments for items and services were

4   forthcoming, but J. Nicholas Bryant very well knew that the

5   payments would fail because he did not have money to fund the

6   payments.

7           After the payments failed and the victims were left

8   without compensation, J. Nicholas Bryant provided promises of

9   payment through other means but never made payment and eventually

10  ceased communications with the victims.

11          Count One alleges the offense of wire fraud.

12          The United States Attorney alleges that on or about

13  November 18th, 2021, in the Lubbock Division of the Northern

14  District of Texas, and elsewhere, J. Nicholas Bryant, the

15  Defendant, having devised and intending to devise a scheme and

16  artifice to defraud and obtain money and property by means of

17  materially false and fraudulent pretenses, representations and

18  promises, did knowingly, and with a specific intent to defraud,

19  transmit and cause to be transmitted by wire communication, in

20  interstate and foreign commerce, a writing, sign, signal,

21  picture, or sound; that is, the Defendant sent a text message

22  from Lubbock to a representative of Sales Hangar Flight Ops, LLC,

23  in Jonesboro, Arkansas, indicating that a nonexistent person, his

24  secretary, would pay an invoice totaling $38,000 for charter

25  flights departing Lubbock to Houston, Texas, and continuing to

1    Miami, Florida.

2           All in violation of Title 18, United States Code,

3    Section 1343.

4           In addition, Your Honor, there is a forfeiture notice.

5           THE COURT:  All right.  Thank you, Ms. Howey.

6    Q   (By The Court) Now, Mr. Bryant, first of all, you indicated

7    you had -- you had received a copy of that Information.  Is that

8    correct?

9    A.   Yes, sir.

10   Q.   And did you read it and go over it with your attorney?

11   A.   Yes, sir.

12   Q.   Do you understand the nature of the charge, the charges

13   alleged against you in the Information?

14   A.   Yes, sir.

15          THE COURT:  And, Mr. Sloan, are you satisfied that your

16   client understands the nature of the charges alleged?

17          MR. SLOAN:  He does.

18   Q   (By The Court) Now, Mr. Bryant, the purpose of your

19   appearing initially this morning is for me to make sure you

20   understand the nature of the charge alleged against you, and

21   you've indicated that you do.

22          I also need to go over with you the rights that you

23   have in regard to this matter.

24          The first is the right to remain silent.  That means

25   you have the right not to say anything or make any type of

1  statement in connection with this matter.  If you've made a

2  previous statement, you have the right not to say anything

3  further.  If you begin to make a statement, you have the right to

4  stop.

5         I need to advise you that anything you say may be used

6  against you either in this or a future proceeding.

7         Do you understand your right to remain silent?

8  A.   Yes, sir.

9  Q.   You also have the right to counsel.  That means you have the

10  right for an attorney to represent you at each stage of this

11  proceeding, including trial and appeal.  You have the right to

12  hire an attorney of your choice.  If you can't afford one, the

13  Court will appoint one for you.

14         Do you understand your right to counsel?

15  A.   Yes, sir.

16  Q.   And do you understand that Mr. Sloan has been appointed to

17  represent you in connection with this matter?

18  A.   Yes, sir.

19  Q.   And do you understand that he's your attorney?

20  A.   Yes, sir.

21  Q.   Do you have any questions for me either as to your right to

22  counsel or your right to remain silent?

23  A.   No, sir.

24         THE COURT:  Now, Ms. Howey, did the Government file a

25  Motion to Detain?

1          MS. HOWEY:  The Government did.  Yes, Your Honor.

2     Q    (By The Court) Mr. Bryant, the Government has filed a motion

3     alleging that there's no condition or set of conditions the Court

4     can impose that would reasonably assurance your appearance at

5     future proceedings as well as the safety of the community.

6          THE COURT:  Mr. Sloan, have you visited with him about

7     that motion and where things stand in that regard?

8          MR. SLOAN:  Your Honor, it's my understanding detention

9     is moot because of the state charge.

10         THE COURT:  All right.

11    Q    (By The Court) Mr. Bryant, do you understand, first of all,

12    that generally you are entitled to a hearing on that motion?

13    A.   Yes, sir.

14    Q.   And that you would be -- And that you're entitled to attend

15    the hearing with your lawyer and to offer evidence and argument

16    in regards to the questions of flight risk and danger to the

17    community?

18    A.   Yes, sir.

19    Q.   Now in your particular case, the attorneys have indicated,

20    and I agree, that the question is moot in this case because of

21    pending state charges.

22    A.   Yes, sir.

23    Q.   In other words, even if we had the hearing in this case and

24    I denied the Government's motion, you would not be released.  You

25    would be returned to custody on those other charges.

1       Do you understand that?

2   A.   Yes, sir.

3   Q.   All right.  As the case moves forward, if -- if anything

4   changes in that regard, then you can discuss it with your

5   attorney as to how you wish to proceed, but it's possible that he

6   could raise that question with the Court if the state charges

7   were dismissed or if you're able to post bond, something of that

8   nature, and the Court could take that question up at that time.

9       Do you understand that?

10  A.   Yes, sir.

11  Q.   All right.  Do you have any questions on that?

12  A.   No, sir.

13       THE COURT:  Mr. Sloan, is there any need to review the

14  consulate notification rights?

15       MR. SLOAN:  No, Your Honor.  He's a U.S. citizen.

16  Q   (By The Court) All right, sir.  At this time I'm going to

17  ask the Government's attorney to read for you the maximum

18  penalties that are provided by law as to this particular charge.

19       THE COURT:  Ms. Howey?

20       MS. HOWEY:  Thank you, Your Honor.

21       The maximum penalties the Court can impose include:

22       A 20-year term of imprisonment;

23       A fine not to exceed $250,000 or two times any

24  pecuniary gain to the victims or loss to the victims -- or pardon

25  me -- gain to the Defendant or loss to the victims;

1     A term of supervised release of not more than three

2     years.  And if the Defendant were to violate the conditions of

3     supervised release, he could be imprisoned for the entire term of

4     supervised release;

5     A Mandatory Special Assessment of $100;

6     Restitution to victims or to the community which is

7     mandatory under the law and which the Defendant agrees will

8     include restitution arising from all relevant conduct, not

9     limited to that arising from the offense of conviction alone;

10     Costs of incarceration and supervision; and

11     Forfeiture of property.

12     THE COURT:  Thank you, Ms. Howey.

13     Q    (By The Court) Mr. Bryant, do you understand the penalties

14     you face if you're convicted of this charge?

15     A.   Yes, sir.

16     THE COURT:  And, Mr. Sloan, are you satisfied that your

17     client understands -- excuse me -- understands the penalties he

18     faces if convicted?

19     MR. SLOAN:  He does, Your Honor.

20     THE COURT:  As required by Rule 5(f), counsel for the

21     United States is ordered to comply with the prosecutors's

22     disclosure obligations under *Brady versus Maryland* and its

23     progeny.  The Government's failure to comply may result in

24     consequences, such as the dismissal of charges, exclusion of

25     witnesses or evidence -- excuse me -- adverse jury instructions,

1   contempt proceedings and sanctions.

2        Ms. Howey, does the Government acknowledge its

3   obligations in this regard?

4        MS. HOWEY:  Yes, Your Honor.

5        THE COURT:  And has the Government complied with those

6   requirements to this point?

7        MS. HOWEY:  Yes, Your Honor.

8        THE COURT:  Thank you.

9   Q    (By The Court) All right.  I believe that covers what we

10   need to go over as far as the Initial Appearance and items in the

11   Arraignment.

12        Is there anything else we need to cover before we

13   proceed with the guilty plea, Ms. Howey?

14        MS. HOWEY:  No, Your Honor.

15        MR. SLOAN:  No, Your Honor.

16        THE COURT:  Now, Mr. Bryant, specifically -- And I

17   guess let me just state for the record:  To your knowledge, you

18   and I are not related, correct?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  Okay.  We've never met before today?

21        THE DEFENDANT:  No, sir.

22        THE COURT:  Okay.  Before I can make a recommendation

23   to Judge Hendrix as to whether he should accept your plea, I need

24   to ask you a number of questions to establish two things:

25        Number one, I want to make sure you understand the

1  rights that you have in regard to this matter and that you waive

2  or give up by pleading "guilty"; and

3          Two, I need to see if there's a factual basis to

4  support the guilty plea.

5          And specifically, as we have discussed, the Information

6  charges in one count a violation of Title 18, United States Code,

7  Section 1343 which is -- excuse me -- wire fraud.

8          Is it your understanding that this is the charge that

9  you intend to plead "guilty" to today?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Now as we go through this process, if at

12  any time I ask you a question that you don't understand, will you

13  feel comfortable asking me to repeat or rephrase the question?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you also understand that you have

16  Mr. Sloan appearing with you today as your attorney and that you

17  have the right to consult with him privately as we go through

18  this process?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  If you answer my question without asking me

21  to repeat or rephrase it or without consulting with your

22  attorney, is it fair for me to assume you understand what I'm

23  asking?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  And I will remind you that you've been

1    placed under oath.  Do you understand that?

2              THE DEFENDANT:  Yes, sir.

3                        EXAMINATION BY THE COURT:

4    Q.   Now, sir, how old are you?

5    A.   26.

6    Q.   And how far did you go in school?

7    A.   Twelfth grade.

8    Q.   Are you currently under the influence of any alcohol or

9    drug?

10   A.   No, sir.

11   Q.   Within the last six months, have you been under the care of

12   any doctor?

13   A.   No, sir.

14   Q.   Have you ever been hospitalized or treated for narcotics

15   addiction or alcoholism?

16   A.   Yes, sir.

17   Q.   How long ago and for what condition?

18   A.   One year; alcohol.

19   Q.   Is there anything related to that condition or your

20   treatment that affects your ability to understand why we're here

21   today and what we're doing?

22   A.   No, sir.

23   Q.   Have you ever been diagnosed with any emotional or mental

24   disability or problem?

25   A.   Yes, sir.

1  Q.   Again, what was the diagnosis and how long ago?

2  A.   Depression and anxiety; ten years ago.

3  Q.   And when -- I'm sorry?

4  A.   Depression and anxiety.

5  Q.   And how long ago?

6  A.   Ten years ago.

7  Q.   Are you taking any prescribed medications for those

8  conditions?

9  A.   Yes, sir.

10  Q.   And are you taking them as prescribed?

11  A.   Yes, sir.

12  Q.   Is there anything related to that condition or the

13  medication that you're taking for those conditions that affects

14  your ability to understand what we're doing today?

15  A.   No, sir.

16  Q.   If anything changes in that regard, would you agree to let

17  me know?

18  A.   Yes, sir.

19  Q.   Do you have any other condition, either mental or physical,

20  that you believe affects your ability to understand why we're

21  here today and what we're doing?

22  A.   No, sir.

23          THE COURT:  Mr. Sloan, in your opinion, is your client

24  fully competent to enter a plea of "guilty" today?

25          MR. SLOAN:  He is, Your Honor.

1    Q    (By The Court) Now, Mr. Bryant, you have the right for your

2    plea to be heard by the District Judge, Judge Hendrix, or you can

3    consent to proceed before me, the Magistrate Judge.  If you

4    consent, then I will make a recommendation to Judge Hendrix as to

5    whether he should accept your plea.

6            Now I have before me a written Consent Form indicating

7    your desire to have the Magistrate Judge take your plea, and it

8    shows you signed this October 20 of this year.  Is that correct?

9    A.   Yes, sir.

10   Q.   Before you signed it, did you read it and go over it with

11   Mr. Sloan?

12   A.   Yes, sir.

13   Q.   Did he answer any questions you may have had about the

14   consent?

15   A.   Yes, sir.

16   Q.   Did you fully understand it when you signed it?

17   A.   Yes, sir.

18   Q.   And is it still your desire this morning to have the

19   Magistrate Judge hear your plea rather than the District Judge?

20   A.   Yes, sir.

21           THE COURT:  Mr. Sloan, are you satisfied that your

22   client understood the Consent Form when he signed it?

23           MR. SLOAN:  He did.

24   Q    (By The Court) Mr. Bryant, I find that your consent has been

25   given knowingly and voluntarily, and we'll continue with your

1    plea.

2            Now, sir, I need to advise you that you're not required

3    to plead "guilty" in this case.  You can enter a plea of "not

4    guilty".  And if you do, the Constitution guarantees to you the

5    following rights:

6            You have the right to a speedy and public trial by a

7    jury here in this district;

8            You have the right for an attorney to represent you at

9    each stage of this proceeding, including trial and appeal;

10           You have the right to hire an attorney of your choice.

11   If you can't afford one, the Court will appoint one for you;

12           If you went to trial, you'd have the right to present

13   evidence and to compel the attendance of witnesses to give

14   evidence and testimony in your favor;

15           You'd also have the right to confront and cross-examine

16   any witness who gives evidence or testimony against you;

17           At trial, you would not be required to testify, and

18   that's a decision that you would make after consulting with

19   Mr. Sloan in deciding what was in your best interest;

20           If you were found guilty following a trial, you'd have

21   the right to appeal the conviction and whatever sentence the

22   Court imposed.

23           Do you understand the Constitution guarantees to you

24   each of these rights?

25   A.   Yes, sir.

1    Q.   And if you plead "guilty" and if the District Judge accepts

2    your plea, you'll give up the rights that I've just described to

3    you, and you'll be convicted of the offense charged by Count One

4    of the Information.

5        Do you understand these consequences to pleading "guilty"?

6    A.   Yes, sir.

7    Q.   Now, sir, I also need to advise you that federal law

8    provides guidelines for Courts to consider in determining an

9    appropriate sentence.  You need to understand that the guidelines

10   are advisory, not mandatory.  The District Judge must calculate

11   and consider the applicable sentencing guideline range as well as

12   any possible departures, either above or below that range, and

13   consider other sentencing factors described in 18 USC Section

14   3553(a).

15       Have you discussed with your attorney these guideline and

16   sentencing factors and how they might be used in your case?

17   A.   Yes, sir.

18   Q.   Do you understand that no one can predict with certainty the

19   outcome of the Court's consideration of the guidelines and the

20   sentencing factors and how they might be used in your case?

21   A.   Yes, sir.

22   Q.   Do you understand that the sentence you receive, as long as

23   it's within the statutory maximum, is solely within the

24   discretion of the Court?

25   A.   Yes, sir.

17

1   Q.   Now as I mentioned earlier, Mr. Sloan is appearing with you

2   today as your attorney.  Have you had a full and fair opportunity

3   to meet with Mr. Sloan concerning your case and your decision to

4   plead "guilty"?

5   A.   Yes, sir.

6   Q.   Are you fully satisfied with the advice and representation

7   that you received from Mr. Sloan concerning your case and your

8   decision to plead "guilty"?

9   A.   Yes, sir.

10  Q.   Now this particular crime is a felony.  To be charged with a

11  felony, the Constitution requires the Grand Jury return an

12  indictment.  In other words, unless you waive your right to an

13  indictment, you may not be charged with a felony.

14       To be indicted, a Grand Jury must find probable cause to

15  believe that a crime was committed and that you committed it.  A

16  Grand Jury has at least 16 and not more than 23 persons, and at

17  least 12 Grand Jurors must find probable cause to believe that

18  you committed the crime before you'd be indicted.  A Grand Jury

19  might or might not indict you.

20       In this case, instead of an indictment, the U.S. Attorney

21  has charged you with a felony through an Information.  The case

22  cannot proceed against you unless you waive your right to

23  indictment.  If you waive, the case will proceed against you just

24  as if you had been indicted.

25       Do you understand your right to indictment by a Grand Jury?

```
 1   A.   Yes, sir.

 2   Q.   Now, sir, I have before me a written "Waiver of Indictment"

 3   form, and it shows you signed this, along with Mr. Sloan, on

 4   October 20 of this year.  Is that correct?

 5   A.   Yes, sir.

 6   Q.   Before you signed it, did you read it carefully and go over

 7   it with Mr. Sloan?

 8   A.   Yes, sir.

 9   Q.   Did he answer any questions you may have had about it?

10   A.   Yes, sir.

11   Q.   Did you fully understand the "Waiver of Indictment" form

12   when you signed it?

13   A.   Yes, sir.

14        THE COURT:  Mr. Sloan, are you satisfied that your

15   client understood the "Waiver of Indictment" form when he signed

16   it?

17        MR. SLOAN:  He did, Your Honor.

18   Q    (By The Court) And, Mr. Bryant, is it still your intention

19   or desire this morning to waive your right to indictment by a

20   Grand Jury?

21   A.   Yes, sir.

22   Q.   Now, sir, I find that your waiver was made knowingly and

23   voluntarily.

24        Now, sir, at this time I'm going to ask the Government's

25   attorney to read for you the essential elements of this
```

1    particular offense.  If you entered a plea of "not guilty," then

2    you went to trial, this is what the Government would have to

3    prove beyond a reasonable doubt to convict you of the charge

4    alleged.

5              THE COURT:  Ms. Howey?

6              MS. HOWEY:  Yes, Your Honor.

7              There are four essential elements to wire fraud.

8              First, that the Defendant knowingly devised or intended

9    to devise any scheme to defraud, as described in the Information;

10             Second, that the scheme to defraud employed false

11   material representations, false material pretenses, or false

12   material promises;

13             Third, that the Defendant transmitted or caused to be

14   transmitted by way of wire, radio, and television communication,

15   in interstate or foreign commerce, a writing, sign, signal,

16   picture or sound for the purpose of executing such scheme; and

17             Fourth, that -- that the Defendant acted with specific

18   intent to defraud.

19             THE COURT:  Thank you, Ms. Howey.

20   Q    (By The Court) Mr. Bryant, do you understand each of the

21   essential elements that were just described by the Government's

22   attorney?

23   A.   Yes, sir.

24   Q.   Do you admit that you committed each of those essential

25   elements of the offense?

A.   Yes, sir.

Q.   Now, sir, I also need to advise you that your plea of "guilty" must be purely voluntary, and you should plead "guilty" because you are guilty and for no other reason.

Did you voluntarily and of your own free will enter into the Plea Agreement in this case?

A.   Yes, sir.

Q.   Did anyone threaten you or make promises to you, other than those set forth in the Plea Agreement and the Plea Agreement Supplement, to convince you to plead "guilty"?

A.   No, sir.

Q.   Is anyone forcing you to plead "guilty" in this case?

A.   No, sir.

THE COURT:  Counsel, are you satisfied that your client is knowingly, voluntarily and of his own free will pleading guilty to Count One of the Information?

MR. SLOAN:  Yes, Your Honor.

Q   (By The Court) Now, sir, you should have with you this morning a copy of the Plea Agreement as well as the Plea Agreement Supplement that were filed on November 1 of this year.

Do you see those two documents?

A.   Yes, sir.

Q.   Did you sign both the Plea Agreement and the Plea Agreement Supplement?

A.   Yes, sir.

1    Q.   Did you read them carefully and go over them with Mr. Sloan

2    before you signed them?

3    A.   Yes, sir.

4    Q.   Was Mr. Sloan able to answer any questions you had about

5    either document?

6    A.   Yes, sir.

7    Q.   Are all the terms of your agreement with the Government set

8    forth in these two documents?

9    A.   Yes, sir.

10   Q.   In reviewing these with your attorney, are there any changes

11   or corrections that you think need to be made?

12   A.   No, sir.

13   Q.   Did you fully understand everything in both the Plea

14   Agreement and the Plea Agreement Supplement when you signed them?

15   A.   Yes, sir.

16            THE COURT:  Mr. Sloan, are you satisfied that your

17   client understood both of these documents when he signed them?

18            MR. SLOAN:  Yes, Your Honor.

19   Q    (By The Court) Now, sir, I also need to go over with you

20   certain specific paragraphs in the Plea Agreement.  If you would,

21   please turn first to Paragraph 8.

22            In Paragraph 8 you agree not to contest, challenge or

23   appeal the forfeiture to the United States of any property noted

24   as subject to forfeiture in the Information or seized or

25   restrained in the investigation underlying the Information.

1          First of all, do you understand that's the property

2 being forfeited?

3 A.   Yes, sir.

4 Q.   Did you voluntarily and of your own free will agree to give

5 up your rights to and to not challenge the forfeiture of that

6 property?

7 A.   Yes, sir.

8 Q.   And if you would, please, look at Paragraph 9.  In this

9 paragraph the Government agrees not to bring other charges

10 against you based upon the conduct underlying and related to your

11 plea.

12      Because your Plea Agreement contains this provision, the

13 District Judge must decide whether to accept the Plea Agreement.

14      Do you understand that if the Judge rejects the Plea

15 Agreement because of this provision, you will have an opportunity

16 to withdraw your guilty plea and change it to "not guilty"?

17 A.   Yes, sir.

18 Q.   And then finally, if you would, please, look at Paragraph

19 12.  As I indicated to you earlier, you have the right to enter a

20 plea of "not guilty" in this case and to go to trial.  And if you

21 were convicted, you could appeal the conviction and whatever

22 sentence the Court imposed.

23      Paragraph 12 of your Plea Agreement contains a waiver of

24 that right.

25      Do you understand in Paragraph 12 you're agreeing to give up

1    your right to appeal or to otherwise challenge your conviction

2    and/or sentence except in the limited circumstances described in

3    Paragraph 12?

4    A.   Yes, sir.

5    Q.   Did you voluntarily agree to give up your right to appeal or

6    to otherwise challenge your conviction and/or sentence except in

7    the limited circumstances described in Paragraph 12?

8    A.   Yes, sir.

9            THE COURT:  Mr. Sloan, any other provisions of the Plea

10   Agreement we need to review?

11           MR. SLOAN:  No, Your Honor.

12           THE COURT:  Ms. Howey?

13           MS. HOWEY:  No, Your Honor.

14           THE COURT:  And, Mr. Sloan, are you satisfied that your

15   client understood these specific provisions?

16           MR. SLOAN:  He did.

17   Q    (By The Court) Mr. Bryant, are you a United States citizen?

18   A.   Yes, sir.

19   Q.   Do you understand that this particular offense is a felony

20   and a conviction may deprive you of valuable rights you have as a

21   citizen, including the right to vote, to hold public office, to

22   serve on a jury, and to possess a firearm?

23   A.   Yes, sir.

24           THE COURT:  And, Mr. Sloan, I take it no need to review

25   the immigrations consequences.

1            MR. SLOAN:  That's correct, Your Honor.

2   Q    (By The Court) Mr. Bryant, do you understand that if the

3   sentence you receive is more severe than what you expect, whether

4   it's above, below or within the guideline range, you're still

5   bound by your plea of "guilty" and you will not have the right to

6   withdraw or change it?

7   A.   Yes, sir.

8   Q.   Do you also understand that parole has been abolished in the

9   federal system and that if you're sentenced to prison, you will

10  not be released on parole?

11  A.   Yes, sir.

12  Q.   Having heard all of this, how do you plead to Count One of

13  the Information?  Guilty or not guilty?

14  A.   Guilty.

15  Q.   Now, sir, you should also have with you a copy of the

16  Factual Resume that was filed on November 1.  Do you see that

17  document?

18  A.   Yes, sir.

19  Q.   Did you sign the Factual Resume?

20  A.   Yes, sir, I did.

21  Q.   And did you read it carefully and go over it with Mr. Sloan

22  before you signed it?

23  A.   Yes, sir.

24  Q.   Did Mr. Sloan answer any questions you may have had about

25  the Factual Resume?

1    A.   Yes, sir.

2    Q.   In reviewing it, are there any changes or corrections that

3    you think need to be made?

4    A.   No, sir.

5    Q.   Did you fully understand everything in the Factual Resume

6    when you signed it?

7    A.   Yes, sir, I did.

8            THE COURT:  Mr. Sloan, are you satisfied that your

9    client understood the Factual Resume when he signed it?

10           MR. SLOAN:  I am, Your Honor.

11   Q    (By The Court) Sir, you have the right for the Factual

12   Resume to be read or you can waive the reading.  It's your

13   choice.

14   A.   I'll waive it.

15   Q.   Do you state under oath in open court that the facts set

16   forth at Pages 2, 3, 4, 5 and 6 are true and correct in every

17   respect?

18   A.   Yes, sir.

19           THE COURT:  Ms. Howey, were the victims in this matter

20   given the appropriate notification under 3771?

21           MS. HOWEY:  Yes, they were, Your Honor.

22           THE COURT:  Did anyone wish to be heard at the plea

23   hearing today?

24           MS. HOWEY:  No, Your Honor.

25           THE COURT:  Thank you.

1          Mr. Bryant, being satisfied with the responses that

2    you've given during this hearing, I make the following findings

3    and recommendation:

4          It's the finding of this Court that in the case of

5    *United States of America versus J. Nicholas Bryant*, Case No.

6    5:22-CR-099-H, Mr. Bryant is fully competent and capable of

7    entering an informed plea.  The plea of "guilty" to Count One of

8    the Information is a knowing and voluntary plea supported by an

9    independent basis in fact that contains each of the essential

10   elements of the offense charged by Count One of the Information.

11         I'll recommend that your plea of "guilty" be accepted

12   by the District Judge.  And if it is, you'll be adjudged guilty

13   of the offense charged by Count One of the Information.

14         Now, sir, I will sign a written recommendation to

15   Judge Hendrix that he accept your plea.  Once that's filed,

16   you'll have 14 days to make any objections that you may have to

17   my findings and recommendation.  Okay?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  If Judge Hendrix accepts your plea, he'll

20   require that a Presentence Report be prepared.  You'll be asked

21   to provide information for that report.  Your degree of

22   cooperation in doing so can be a factor in determining the

23   severity of your sentence.

24         Once that report is finished, it will be given to

25   Mr. Sloan.  You'll have a chance to go over that with him and

1   file any objections that you may have.

2            Now, sir, do you have any questions for me as to

3   anything we've done or gone over?

4            THE DEFENDANT:  No, sir, I don't.

5            THE COURT:  Judge Hendrix will advise you by separate

6   orders whether he accepts your plea as well as setting a possible

7   sentencing date.

8            Is there anything further from the Government with

9   regard to this arraignment or rearraignment?

10           MS. HOWEY:  No, Your Honor.

11           THE COURT:  Mr. Sloan?

12           MR. SLOAN:  No, Your Honor.  Thank you.

13           THE COURT:  All right, sir.  I will remand you to the

14   Marshal's custody.  Good luck to you, and you may step back.

15           THE DEFENDANT:  Thank you.

16           THE COURT:  The Court is going to take a brief

17   five-minute recess before we take up the next two matters.

18           COURT SECURITY OFFICER:  All rise.

19           (Hearing adjourned at 10:12 AM.)

20

21

22

23

24

25

CERTIFICATE OF OFFICIAL REPORTER


        I, Deborah A. Kriegshauser, Federal Official Realtime

Court Reporter, in and for the United States District Court for

the Northern District of Texas, do hereby certify that pursuant

to Section 753, Title 28, United States Code, that the foregoing

is a true and correct transcript of the electronically-recorded

proceedings held in the above-entitled matter and that the

transcript page format is in conformance with the regulations of

the Judicial Conference of the United States.

        Dated this 25th day of April, 2023.



                        /s/ Deborah A. Kriegshauser
                        _____

                        DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
                        FEDERAL OFFICIAL COURT REPORTER